IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 25-cv-04086-CYC

BERNARDO BACHOS ABARCA,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center;
ROBERT HAGAN, in his official capacity as Field Office Director of the Aurora Field Office of Enforcement and Removal Operations, U.S. Immigrations and Customs Enforcement;
TODD M. LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement;
KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security; and
PAMELA JO BONDI, in her official capacity as the Attorney General of the United States;

    Respondents.

---

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

    Petitioner Bernardo Bachos Abarca, a detainee at the Aurora Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a) governs his detention vel non. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court grants in part the Petition.

### BACKGROUND

    This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new

1

interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Hernandez-Redondo*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). The petitioner seeks release or, in the alternative, a bond hearing. ECF No. 1 at 19.

The petitioner, a citizen of Mexico, has lived in the United States for several years and, after 2008, he was never inspected and admitted or paroled into the United States. ECF No. 1 ¶¶ 1, 3; ECF No. 10-1 ¶¶ 4–7. As a result, he had been present in the United States for years before he was encountered by Immigration and Customs Enforcement officers on November 24, 2025, near Glenwood Springs, Colorado. ECF No. 10-1 ¶ 8. The petitioner argues that he would qualify for release on bond under 8 U.S.C. § 1226, and the respondents do not offer any evidence of a criminal history that requires mandatory detention. *See* 8 U.S.C. § 1226(c). Instead, they maintain that he is detained pursuant to 8 U.S.C. § 1225(b). ECF No. 10-1 ¶ 9; ECF No. 10 at 9–16.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to him, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination), and that he has received no such hearing. The Court has previously resolved this legal question in favor of a similarly situated petitioner. *Jimenez*, 2025 WL 3559128, at *1–4. The respondents ignore this and other similar rulings in this District and, instead, argue that section 1225 applies to the petitioner and all other "applicants for admission." ECF No. 10 at 5–8. The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases and incorporates its analysis from *Jimenez*. 2025 WL 3559128, at *1–4. Accordingly, the Court finds that the petitioner is entitled to a bond hearing that has not been provided in violation of due process.

There is a final matter. The petitioner requests attorneys' fees and costs. ECF No. 1 at 19. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part** and **DENIED without prejudice in part**.

It is further ORDERED that

(1) the respondents shall provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of this Order;

(2) the respondents are **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

(3) the respondents shall file a status report within **five days** of the petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Entered and dated this 5th day of February, 2026, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

4